CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 07 2007

JOHN F. CORCORAN CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

ARLIN EDWARD RANEY,               )
                                   )        Civil Action No. 5:06CV00067
        Plaintiff,                 )
                                   )        **MEMORANDUM OPINION**
v.                                 )
                                   )
SOCIAL SECURITY ADMINISTRATION,    )        By: Hon. Glen E. Conrad
                                   )        United States District Judge
        Defendant.                 )

This tort action was brought by Arlin Edward Raney against the Social Security

Administration, seeking compensation, payment of expenses, and punitive damages. The matter

is currently before the court on the defendant's motion to dismiss for lack of jurisdiction,

pursuant to Federal Rule of Civil Procedure 12(b)(1).

### Background

This case arises out of a disputed overpayment of social security benefits to the plaintiff.

It seems that at some point in time, Raney became entitled to social security benefits. Sometime

thereafter, he was incarcerated following a criminal conviction. Under the law, the plaintiff's

entitlement to social security benefits terminated upon his incarceration. However, the Social

Security Administration allegedly continued to send benefit checks to Raney's home address.

Once the error was discovered, the Social Security Administration notified Raney that it intended

to recover what was deemed to be an overpayment of benefits. Raney contested the decision to

recover the alleged overpayment. On March 31, 2006, an Administrative Law Judge ("ALJ")

issued a decision waiving recovery of any overpayment. However, the Social Security

Administration continued to mail overpayment notices to Raney until July 5, 2006, because the

Administration's computer system was not updated.

The plaintiff filed a tort suit in this court on July 14, 2006, requesting compensation, payment of expenses, and punitive damages. The plaintiff specifically referred to the agency's "harassment," and the "stress" and "pain" that these proceedings have caused him. In his complaint and at the hearing, the plaintiff described the stress, time, and effort resulting from this situation. In addition, the plaintiff cited the defendant's negligence in its handling of his claim. The defendant filed a motion to dismiss for lack of jurisdiction on September 1, 2006, and the court held a hearing on the matter on February 2, 2007. In its motion to dismiss, the defendant claims that this court lacks jurisdiction because the plaintiff has failed to exhaust his administrative remedies.

### Discussion

A tort claim against the United States must be brought pursuant to the Federal Tort Claims Act ("FTCA"). The FTCA provides that

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (2006). The Code of Federal Regulations further describes that such a claim must be presented to the agency "whose activities gave rise to the claim." 28 C.F.R. § 14.2 (2007).[1] The United States Court of Appeals for the Fourth Circuit has held that this exhaustion

---

[1] The Code of Federal Regulations sets forth the proper procedure for submitting such a claim in Section 14.2. The claimant must send a Standard Form 95 or other written notification of an incident, including a claim for money damages for a specific sum, to the Federal agency. See 28 C.F.R. § 14.2(a).

2

of remedies requirement is jurisdictional. Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990).

Therefore, the court concludes that the plaintiff's complaint must be dismissed because this court lacks jurisdiction. The plaintiff has failed to exhaust his administrative remedies and has not submitted a tort claim to the Social Security Administration.[2] See Declaration of Marlene W. Heiser. The court therefore lacks jurisdiction over his claim.

At the hearing before this court on February 2, 2007, the court noted that the plaintiff's complaint could be liberally construed as an appeal from the decision of the ALJ under 42 U.S.C. § 405(g).[3] However, the plaintiff indicated at the hearing that he does not wish to pursue such a claim and, to the extent that his complaint could be so construed, he agrees that the complaint can be dismissed.

### Conclusion

For the foregoing reasons and those stated by the court at the February 2, 2007 hearing, the defendant's motion to dismiss will be granted. The plaintiff's law suit will be dismissed without prejudice. All pending motions in this case will be dismissed as moot.

DATED this 6th day of February, 2007.

_Jack Conrad_
United States District Judge

---

[2] It appears that the plaintiff still has an opportunity to file such a tort claim with the agency, which would not be barred by the two-year time limit. See 28 U.S.C. § 2401 (2006).

[3] At the hearing, Raney indicated that during the period in which the Social Security Administration was attempting to recoup overpayment, some sum of money was subtracted from his benefits. The plaintiff contends that he has still not been paid in full to compensate him for this sum, which he estimates to be approximately $700.

3